[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 19-15139

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DEANDRE AMAAD WILLIAMS,
a.k.a. Smooth,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:19-cr-00017-JDW-PRL-6

_____

Before ROSENBAUM, BRASHER and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Deandre Williams appeals the district court's imposition of his 120-month sentence for conspiracy to distribute and possess with intent to distribute cocaine, heroin, and fentanyl, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. Williams contends that the district court erred by not finding him eligible for the safety valve in U.S.S.G. § 5C1.2, and that the district court erred by overruling his objection to the firearm enhancement. The government responds with a motion to dismiss the appeal because it asserts that the record clearly demonstrates that Williams knowingly and voluntarily waived his right to appeal his sentence. Having read the parties' submissions and reviewed the record, we grant the government's motion to dismiss.

## I.

We review *de novo* the validity of a sentence appeal waiver. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008). A court will enforce a sentence appeal waiver if it was made knowingly and voluntarily. *United States v. Bushert*, 997 F.2d 1343, 1351

(11th Cir. 1993).  To establish that the waiver was made knowingly and voluntarily, the government must show either that: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy; or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. *Id.  See also United States v. Grinard-Henry*, 399 F.3d 1294, 1296 (11th Cir. 2005).

## II.

The record demonstrates that Williams's appeal waiver is enforceable, and Williams has forfeited any argument otherwise. *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*) (holding that issues not raised in an initial brief are deemed forfeited and will not be addressed absent extraordinary circumstances).  The record shows that the magistrate judge specifically questioned Williams about the appeal waiver during the change-of-plea hearing.  The magistrate judge confirmed Williams's understanding that he waived his right to appeal and explained the waiver to him, including all the exceptions.  Further, Williams signed the plea agreement, which contained the appeal waiver, thus confirming that he had either read it, or had it read to him, and fully understood its terms.

Moreover, Williams's claims of procedural error by the district court in his sentencing do not fall within the appeal waiver's exceptions.  *See Bushert*, 997 F.2d at 1350 n.18 (exceptions to appeal waiver: (1) the sentence exceeds the guidelines; (2) sentence exceeds the statutory maximum penalty; and (3) sentence violates

the Eighth Amendment).  Williams's 120-month sentence does not exceed the statutory maximum of life imprisonment and is below the guideline range as calculated by the district court.  The alleged error does not present the kind of extreme circumstances that this court has contemplated may not be barred by an appeal waiver.  *See e.g., United States v. Bascomb*, 451 F.3d 1292, 1297 (11th Cir. 2006); *United States v. Johnson*, 541 F.3d 1064, 1068 (11th Cir. 2008).

Accordingly, based on the aforementioned reasons, we grant the Government's motion to dismiss this appeal pursuant to the appeal waiver in Williams's plea agreement.  *See Bushert*, 997 F.2d at 1351 (sentence appeal waiver will be enforced if it was made knowingly and voluntarily); *Grinard-Henry*, 399 F.3d at 1296 (waiver of the right to appeal includes waiver of the right to appeal difficult or debatable legal issues or even blatant error).

Motion to dismiss appeal is GRANTED.